**Dennis Lane WALKER, Appellant,**

v.

**PACCAR, INC., Appellee.**

**Dennis Lane WALKER, Appellee,**

v.

**PACCAR, INC., Appellant.**

**Nos. 86–1307, 86–1356.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1986.

Decided Oct. 8, 1986.

from a cab-over engine truck assembled by Paccar, Inc. Walker then brought this action against Paccar claiming that Paccar defectively designed the ladder used to make one's exit from the passenger side of the truck. A jury awarded Walker $75,000 but found Walker 80% contributorily at fault and defendant Paccar 20% at fault. The district court entered judgment for 20% of the jury award in favor of the plaintiff, i.e. $15,000. Both sides have appealed.

## I.

Walker's appeal seeks a new trial for errors in the admission of certain evidence and for submitting the issue of plaintiff's contributory fault to the jury. Paccar cross-appeals asserting that the trial court erred when it refused to direct a verdict of dismissal on liability. Paccar also claims that the court should have granted its post-trial motion for judgment n.o.v. because Walker failed to prove any defect in the ladder system on the vehicle in question and further failed to prove that he (Walker) utilized the ladder system in a reasonably foreseeable fashion.

Subsequent to the trial and pending appeal, the Missouri Supreme Court, in a sharply divided opinion (overruling a unanimous decision of the Missouri Court of Appeals), held that comparative fault principles do not apply to strict products liability cases. Thus, although a plaintiff's negligence may have contributed to his injury, such conduct will not diminish the recovery when a defective product is a legal cause of injury. *Lippard v. Houdaille Indus.*, 715 S.W.2d 491 (Mo. en banc 1986), *reversing Lippard v. Houdaille Indus.*, No. 49226 (Mo.Ct.App., Dec. 3, 1985). *See also Barnes v. Tools & Mach. Builders*, (Mo. en banc 1986) (same issue and outcome).

The lead opinion in *Lippard*, authored by Judge Blackmar, stated that " * * * plaintiff's contributory negligence is not at issue in a products liability case. It should

William H. Pickett, Kansas City, Mo., for appellant.

Leonard J. Johnson, Kansas City, Mo., for appellee.

Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Dennis Lane Walker fell to the ground and injured himself while dismounting

neither defeat nor diminish recovery." Majority op. at 493.[1]

The *Lippard* decision is at odds with this circuit's view of Missouri law in products liability cases as expressed in *Gearhart v. Uniden Corp. of America*, 781 F.2d 147 (8th Cir.1986). In *Gearhart,* a panel of this court held that comparative fault applies in strict liability cases. *Id.* at 152. Because jurisdiction in this case rests on diversity of citizenship, we are bound here to apply Missouri law as expounded by that state's highest court. As the parties concede, we must apply the principles of *Lippard* to this appeal (and in similar cases in federal court), not *Gearhart.* Thus, if we should affirm on liability, Walker would be entitled to the full amount of his damages without decrease because of his own contributory fault.

At oral argument, Walker withdrew his request for a new trial in this case and the parties agreed to submit only Paccar's cross-appeal to this court, which argues that Walker had made no submissible case on liability. The parties also agreed that if the court rejects the cross-appeal, the judgment should be modified, pursuant to *Lippard,* to award the full $75,000 to the plaintiff.

Thus, with the consent of the parties, we consider only the cross-appeal relating to liability with the option only to institute the full jury verdict for plaintiff or to direct a judgment of dismissal.[2]

## II.

Dennis Walker, an experienced trucker, age 34, short in stature, was the operator of a K100C Kenworth truck. On July 29, 1982, Walker, his assistant driver, Polly Johanson, and the truck unit laid over at Calumet City, Illinois, awaiting a new assignment. While resting in the bunk of the truck, Walker thought he heard someone trying to steal load locking pins on the rear of the truck. Wearing cowboy boots on his feet, Walker sought to leave the truck on the passenger side, climbing down the exit ladder on the outside of the cab, just in the rear and below the door. Somehow, his left foot slipped through the second step, and he fell to the ground, injuring himself.

The truck came equipped with a grab rail above the door, a left and right grab rail rearward of the door opening, a step pocket below the door and a two-rung ladder just below the cab. Walker's description of the accident states that he placed his right foot in the step pocket, his left foot remaining in front of the passenger seat. As he left the truck, he gripped the right-hand grab rail at shoulder level with his left hand, putting the heel of his left foot on the second (upper) step. He moved his right hand from a grab handle near the dashboard to the rear of the door to lock it, shifted his weight from right to left foot, and then fell.

Walker claimed that the truck was defective and unreasonably dangerous because (1) the ladder did not provide sufficient traction with a one-quarter-inch wide step of polished chrome with allegedly inadequate serrations, and (2) the defendant had constructed the oil fill system in close proximity to the ladder permitting oil mist to coat the ladder rungs, making them slippery. The defense denied liability on grounds that no defect existed in the ladder, whether coated or not, and asserted that the fall could not have taken place as described by Walker. Upon submission of the case, the jury under appropriate instructions found Paccar liable but apportioned the damages.

On appeal, Paccar asserts that it is entitled to reversal and a judgment of dismissal for two reasons: (1) the plaintiff of-

---

1. Chief Judge Higgins concurred. Judges Billings and Rendlen concurred and wrote separately to address the dissenters. Judges Donnelly and Welliver wrote separate dissents. Judge Robertson concurred in the result only.

2. Without this agreement, on sustaining the determination of liability, we would further need to decide whether the jury's finding that Walker was 80% at fault requires a re-examination of the verdict, i.e., whether the jury would have returned a verdict for Paccar in the absence of instructions on comparative fault. We need not reach this issue in light of the parties' agreement.

fered no evidence of the oil fill system's original manufactured state, and the record disclosed that the truck's original oil fill system had undergone considerable alteration during its ten years in operation; and (2) Walker did not use the ladder system as reasonably anticipated.

Although the question presented is a close one, we are satisfied from our review that the district court properly submitted the issues in this case to the jury.

 The key issue for the jury was whether the placement of the oil fill system near the highly polished chrome steps (with limited serrations) which were subjected to escaping oil constituted a design defect rendering the unit unreasonably dangerous for egress from the truck on the passenger side. Although the seal cap and fill tube had been replaced (the thermos bottle cap and sealing boot being original equipment), we think it was for the jury to decide whether the replacement of the parts could be reasonably anticipated by the assembler, Paccar. Similarly, whether the placement of the diesel oil fill system near the ladder unit could be deemed a dangerous defect in the truck under the circumstances was a proper question for the jury to decide.

No error is shown in the submission of defendant's liability to Walker. Accordingly, we affirm on liability and, in accordance with the agreement of the parties, remand this case to the district court to enter judgment for Walker for $75,000 plus interest and costs. Walker is entitled to costs on the cross-appeal, including reimbursement to the extent of three-fourth's of the cost of the transcript, if Walker provided that transcript for the appeal.

Neither party will have costs on Walker's appeal, No. 86–1307, which is dismissed.